IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHANNON LAMONT DANIELS, | : | |
| Plaintiff | : | |
| vs. | : | |
| Kitchen Manager RODGERS, *et al.*, | : | NO. 5:11-CV-129 (MTT) |
| Defendants | : | **O R D E R** |

Plaintiff **SHANNON LAMONT DANIELS**, an inmate at the McEver Probation Detention Center ("MPDC") in Perry, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has paid the required initial partial filing fee of $7.83, as previously ordered by this Court. Plaintiff is nevertheless obligated to pay unpaid balance of $342.17. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the MPDC.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); **see also Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). **See also** 28

U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A shall be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff complains about the food served at the MPDC. Specifically, plaintiff states that prisoners are served "raw" pancakes twice a week, with no butter and "never enough syrup," and "inedible" boiled potato squares every meal. Plaintiff further complains that he is served a vegetarian tray two to three times a week, that both the breakfast biscuits and cornbread are a "muddy" color, and that there is not enough meat on the two turkey sandwiches he receives "to make 1 satisfying sandwich."

Plaintiff, who is on a work detail, states that he has been hungry every night and vomited several times since his confinement at the MPDC on February 14, 2011. He apparently seeks injunctive relief in the form of compelling MPDC kitchen managers to "serve food that is made in a way that attempt[s] to please me as a 'customer.'" Plaintiff indicates that his sentence will be completed on April 27, 2011.

## III. DISCUSSION

To qualify for injunctive relief, plaintiff must establish each of the following: "(1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." ***Siegel v. LePore***, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

In the present case, plaintiff has not alleged facts sufficient to support even the threshold requirement of his being likely to prevail on the merits. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and sanitation.

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994). With regard to meals, the minimum requirement of prison fare is that it be nutritionally adequate and prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it. **See *O'Lone v. Estate of Shabazz***, 482 U.S. 342 (1987); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999).

Even construing the allegations in the complaint liberally in favor of plaintiff, it does not appear that he has been served nutritionally inadequate food. By plaintiff's own characterization, he has been dissatisfied as a "customer" of the MPDC.

Moreover, there is no indication that plaintiff will suffer irreparable injury, notwithstanding his strong dislike for the food at MPDC. The Court notes that plaintiff is scheduled to be released from confinement on April 27, 2011.

In light of the above, plaintiff's claim for injunctive relief is hereby **DENIED**.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED**, this 11th day of April, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT